IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02123-REB-KLM

FLORINDA REED, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,

    Defendant.
_____

**ORDER DENYING MOTION TO MODIFY**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's Motion to Modify the Scheduling Order Re: the Order of Discovery [Docket No. 32; Filed March 17, 2008] (the "Motion"). Defendant filed a Response on April 9, 2008 [Docket No. 40]. The Court has reviewed the parties' pleadings and is sufficiently advised in the premises.

I. Factual Background

This case involves individual and potential class claims arising out of limits on personal injury protection ("PIP") benefits under an insurance policy issued by Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm"). Plaintiff was a pedestrian bicyclist who was injured by an automobile driven by Defendant's insured. Plaintiff claims that she and others similarly situated are entitled to more insurance benefits than those paid by Defendant, and that applicable insurance policies must be reformed to comply with Colorado law. In preparation for their scheduling conference, the parties proposed that the case be divided into phases, but disagreed as

to which phase should occur first [Docket No. 26]. Defendant took the position that the policy reformation phase should be adjudicated prior to the class certification phase. Plaintiff took the position that the class certification phase should precede the reformation phase.

At the scheduling conference held on March 6, 2008, I agreed with Defendant and postponed the class certification phase until the issue of reformation could be addressed and directed the parties to submit a proposed Scheduling Order to that effect [Docket No. 27]. I entered the Scheduling Order on March 14, 2008 [Docket No. 30]. Plaintiff now moves to amend the Scheduling Order and to proceed with discovery on the class certification phase.

## II.  Litigation History

Plaintiff Florinda Reed filed this action after being denied permission to intervene in another putative class action brought against Defendant State Farm in this district, *Clark v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 00-cv-1841-LTB-PAC. The same law firms represent the parties in the *Clark* case and the present case. The history of the *Clark* case is important to resolution of the Motion because that case also addressed the question of the order in which reformation and class certification issues should be determined.

The Tenth Circuit Court of Appeals had its first opportunity to rule on the *Clark* case in February of 2003, when the Court decided that the Plaintiff was entitled to reformation of the applicable automobile insurance policy to include extended PIP benefits. *Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1241-42 (10th Cir. 2003) ("*Clark I*"). In

2

remanding the case to the district court, the Tenth Circuit held that "the district court should decide *as an initial matter* the effective date of reformation [of the insurance policy at issue]." *Id.* at 1243 (emphasis added).

After remand, State Farm proposed that the district court adopt a three-stage case management system, allowing the parties to first address the issue of the reformation date of the insurance policy, then class certification and remedies, if necessary [Docket No. 29]. After a hearing, then Chief Judge Lewis T. Babcock held that class certification issues could not be meaningfully addressed absent a determination of the threshold issue of the reformation date of the policy. Accordingly, Judge Babcock adopted Defendant's case management proposal [Docket No. 31]. Several months later, Plaintiff asked Judge Babcock to reconsider his decision based on a subsequent Tenth Circuit opinion, *Fincher v. Prudential Prop. & Cas. Ins. Co.,* 76 Fed. Appx. 917 (10th Cir. Oct. 1, 2003) (unpublished decision). Again after a hearing, Judge Babcock confirmed that he could not apply the class certification requirements of Fed. R. Civ. Pro. 23 until he took the initial step of determining the date of reformation of the insurance policy under which Mr. Clark claimed benefits. [Docket No. 54].

After Judge Babcock determined the effective date of reformation of the policy, both parties again appealed the *Clark* case to the Tenth Circuit. Neither party argued that Judge Babcock's decision to first determine the reformation date of the policy was erroneous, and the Tenth Circuit expressed no reservations about how the case had been managed. To the contrary, the appellate court tacitly endorsed the district court's step-by-step approach by overruling Plaintiff's argument that the reformation decision would

3

inappropriately exclude potential class members from subsequent proceedings. Importantly, in doing so the Court did not hold that the district court's case management approach resulted from a misreading of *Clark I* or that it unfairly prejudiced Plaintiff or potential class members. *See Clark v. State Farm Mut. Auto. Ins. Co.,* 433 F.3d 703, 713-14 (10th Cir. 2005) ("*Clark II*").

Once the *Clark* case was remanded to the district court again, the Plaintiff in this action, Florinda Reed, moved to intervene in that case as a putative class representative [Docket No. 205]. The district court denied the motion on the basis of Ms. Reed's delay in seeking to intervene and the lack of prejudice to her from disallowing intervention [Docket No. 219]. Subsequently, the court denied Mr. Clark's motion for class certification and dismissed the case [Docket No. 227]. *Clark v. State Farm Mut. Auto. Ins. Co.*, 245 F.R.D. 478, 489-90 (D. Colo. 2007) ("*Clark III*"). Ms. Reed then filed this separate action. Appeal of the final decision in *Clark* is pending, although the Tenth Circuit dismissed the appeal of the district court's order denying Ms. Reed's motion to intervene [Docket No. 244].

III. Analysis

After careful consideration of the parties' positions regarding case management, the Court concludes that the Motion should be **DENIED**. First, the Court notes the overwhelming similarities between this case and *Clark*, and concludes that there is no good reason to disagree with Judge Babcock's conclusions regarding case management. From a practical standpoint, I agree that proper definition of a class under Fed. R. Civ. P. 23 cannot occur until determination of the threshold issues of Plaintiff's right to reformation

4

of the applicable insurance policy and, if so, the effective date thereof. *See Clark III*, 245 F.R.D. at 480-81 (addressing class certification issue after reformation and reformation date issues decided); *Fincher*, 76 Fed. Appx. at 922-23 (same). Second, *Clark I*, *Clark II*, and *Fincher* quite clearly express the Tenth Circuit's belief that the Court should first decide whether Plaintiff is entitled to reformation of the insurance policy under which she claims benefits and the effective date of such reformation before undertaking proceedings relating to class certification. *Clark I*, 319 F.3d at 1243; *Clark II*, 433 F.3d at 713-14; *Fincher*, 76 Fed. Appx. at 922-23. Third, applicable caselaw recognizes that the time frame for determining class certification under Rule 23 must be flexible, as discussed below.

While the Court is mindful of Fed. R. Civ. P. 23(c)(1)(A)'s directive that class certification should be dealt with "at an early practicable time" after the commencement of an action brought as a class action, ample case law establishes that the Court retains discretion to structure the timing of the class certification decision. The rule does not prohibit delaying class certification, even up to the time of judgment on the merits. *See Gurule v. Wilson*, 635 F.2d 782, 789 (10th Cir. 1980) (holding that it was not error to certify a class at the time of final judgment), *overruled on other grounds by Cox v. Flood*, 683 F.2d 330 (10th Cir. 1982). Further, "[t]he reference to 'at an early practicable time' recognizes that there may be many valid reasons justifying the deferral of the initial certification decision, including that the opposing party may prefer to win dismissal or summary judgment as to the individual plaintiffs . . . ." 7AA Charles Alan Wright et al., *Federal Practice and Procedure* § 1785.3, at 448 (3d ed. 2005). This is particularly true in cases

5

like the one at issue here, where Defendant has filed a Motion to Dismiss based, in part, on the assertion that the statute of limitations for claims brought by Plaintiff and any potential class members has expired. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 758 (3d Cir. 1974) (postponing class certification until liability could be determined and noting that where "defendant seeks a postponement of [class] determination on the ground of fairness, as soon as practicable does not necessarily mean at the outset of the lawsuit"); *City of Inglewood v. City of Los Angeles*, 451 F.2d 948, 951-52 (9th Cir. 1971) (postponing class certification until jurisdiction could be determined); *see also Richmond v. Nationwide Cassel LP*, 847 F. Supp. 88, 93 n.10 (N.D. Ill. 1994) (noting that delay of class certification may be particularly warranted where the merits of plaintiff's claim is seriously in doubt); *Izaguirre v. Tankersley*, 516 F. Supp. 755, 757 (D. Or. 1981) (holding that ruling simultaneously on the merits and class certification was not improper, particularly because it was the defendant who sought a delay in the class certification).

While the Court recognizes that Rule 23(c)(1)(A) generally seeks to expedite class certification, one of the justifications for this rule is to provide defendants with notice of the number of parties and the potential damages against which they must defend. *See Siskind v. Sperry Retirement Program, Unisys*, 47 F.3d 498, 503 (2d Cir. 1995). Here, Defendant has not sought expedited determination of class size and damages issues and, indeed, has effectively indicated that it will not be prejudiced by any delay in class certification. *See Izaguirre*, 516 F. Supp. at 757. Accordingly, the recognized justification for expedited class certification is not present in this case.

In addition, the Court is not persuaded by the legal authority cited by Plaintiff in

6

support of its Motion to Amend the Scheduling Order. While the Tenth Circuit has noted that class certification should occur as early as possible, it has also contemplated occasions where delay of the decision may be justified based on the circumstances of a particular case. *See Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270, 274 (10th Cir. 1977). As such, the discretion in this area remains with the Court.

Finally, the Court is also not persuaded that deciding the reformation issue first would necessarily defeat a viable class action. If the Court determines that Plaintiff is entitled to reformation of the applicable insurance policy as of a date that can be applied to others who are similarly situated (e.g., the date the policy was issued or the date of the Colorado Court of Appeals' decision validating reformation of noncomplying policies, which were two of the reformation date options suggested by the Tenth Circuit in *Clark I*), class certification may still be possible if Plaintiff can satisfy the requirements of Fed. R. Civ. P. 23(a) & (b). *See generally Clark III*, 245 F.R.D. at 480-89. Moreover, resolving the policy reformation issue first conserves judicial and litigants' resources, as the district court has held that a plaintiff who is not entitled to recovery is not a viable class representative. *See id.* at 489-90; *see also Fincher*, 76 Fed. Appx. at 423.

Dated: April 16, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix