IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-02123-REB-KLM

FLORINDA REED, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**Blackburn, J.**

The matter before me is **Defendant's Motion To Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) & 12(b)(6) and Memorandum Brief in Support Thereof** [#23], filed February 26, 2008. I grant the motion.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

Defendant's motion to dismiss raises issues under both Fed.R.Civ.P. 12(b)(1) and 12(b)(6). A motion to dismiss under Fed.R.Civ.P. 12(b)(1) may consist of either a facial or a factual attack on the complaint. ***Holt v. United States***, 46 F.3d 1000, 1002 (10th Cir. 1995). Because defendant's motion presents a facial attack, I must accept the allegations of the complaint as true. ***Id***. Plaintiff bears the burden of establishing that subject matter jurisdiction exists. ***Henry v. Office of Thrift Supervision***, 43 F.3d 507,

512 (10th Cir. 1994); *Fritz v. Colorado*, 223 F.Supp.2d 1197, 1199 (D. Colo. 2002).

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 123 S.Ct. 1908 (2003). I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, – U.S. –, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (emphases in original).[1]

---

[1] *Twombly* rejected and supplanted the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit recently clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just

## III. ANALYSIS

This lawsuit involves the now defunct "Pedestrian Limitation" that was included in defendant's Colorado automobile insurance policies from 1975 through 1998. That provision entitled pedestrian claimants to no more than the minimum level of personal injury protection ("PIP") benefits required under Colorado law, regardless of whether the insured had purchased enhanced coverage. After the Colorado Court of Appeals held that the Colorado Auto Accident Reparations Act ("CAARA" or "the No-Fault Act") required insurance companies to pay pedestrians the same level of PIP benefits as purchased by the insured, *see Brennan v. Farmers Alliance Mutual Insurance Co.*, 961 P.2d 550, 554-55 (Colo. App. 1998), defendant issued an endorsement amending its Colorado auto insurance policy to delete the Pedestrian Limitation in November 1998.

Plaintiff was struck by one of defendant's insureds while riding her bicycle on May 20, 1999. She sought benefits under the driver's insurance policy and received $150,000 in medical and rehabilitation expense benefits from defendant. This amount is more than the statutorily required minimum PIP coverage, which under the then-applicable version of CAARA was $100,000. *See* §10-4-706 (b) & (c), C.R.S. (1999).

---

        speculatively) has a claim for relief.

> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974; internal citations and footnote omitted).

Plaintiff, however, maintains that defendant failed in its duty to offer its insured enhanced PIP benefits covering all eligible injured persons, including pedestrians. ***See*** §10-4-710(2)(a), C.R.S. She, therefore, seeks reformation of the policy to include, by operation of law, the maximum enhanced benefits available under CAARA, up to the maximum aggregate limits of the policy. ***See Clark v. State Farm Mutual Automobile Insurance Co.***, 433 F.3d 703, 709-10 (10th Cir. 2005).

Plaintiff also seeks to represent a putative class of similarly situated individuals. These claims, however, clearly are barred by limitations. All claims brought in this lawsuit are subject to the three-year statute of limitations under CAARA. §13-80-101(1)(j), C.R.S. (2002). Those claims accrued when the putative class members "knew or should have known that [defendant] had not offered [them] extended PIP benefits." ***Nelson v. State Farm Mutual Automobile Insurance Co.***, 419 F.3d 1117, 1121 (10th Cir. 2005). Defendant removed the Pedestrian Limitation from its Colorado auto insurance policies in November, 1998. (***See*** Complaint ¶¶ 43-44, at 13.) Thus no putative class member who was injured after that date can possibly have been affected by the limitation, and any claim prior to that date would have lapsed no later than December 1, 2001, nearly six years prior to the filing of this lawsuit.[2] Plaintiff's suggestion that any cause of action did not accrue until the Tenth Circuit's decision in ***Clark*** holding that the Pedestrian Limitation contained in defendant's Colorado auto

---

[2] Defendant argues that because the No-Fault Act sunsetted on July 1, 2003, ***see*** §10-4-726, C.R.S. (2002), no putative class member could have raised a claim challenging the application of the Pedestrian Limitation after January 30, 2004. This argument entails the assumption of at least two facts – that PIP policies were phased out entirely by December 31, 2003, and that claimants always receive an explanation of benefits letter within 30 days – that are not substantiated by the record nor admitted in the complaint.

insurance policy did not satisfy its obligation to offer enhanced PIP coverage, *see Clark*, 433 F.3d at 710, is contrary to Colorado law, *see Wagner v. Grange Insurance Association*, 166 P.3d 304, 307 (Colo.App. 2007) ("The determination of when a cause of action accrues depends upon 'knowledge of the facts essential to the cause of action, not knowledge of the legal theory upon which the action may be brought.'") (citation omitted).

Nor are these claims saved by tolling. In general, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974). This rule permits class members to file individual lawsuits, either separately or as intervenors in the putative class action, after class certification is denied. *See Catholic Social Services, Inc. v. Immigration and Naturalization Service*, 232 F.3d 1139, 1147 (9th Cir. 2000) (en banc). It does not, however, allow the filing of a subsequent class action when certification of a class has been denied in an earlier suit. The federal courts that have considered the issue have unanimously agreed that allowing tolling as to the class claims would undermine the policy considerations of the *American Pipe* rule and would invite abuse of the judicial process.[3] *See Basch v. Ground Round, Inc.*, 139 F.3d 6, 11 (1st Cir.), *cert. denied*,

---

[3] Plaintiff attempts to rely on the narrow exception that permits a successive class action if certification of the class was denied "for reasons unrelated to the appropriateness of the substantive claims for certification." *Yang v. Odom*, 392 F.3d 97, 104 (3rd Cir. 2004), *cert. denied*, 125 S.Ct. 2294 (2005) (citation and internal quotation marks omitted). However, "[n]o Circuit allows plaintiffs the benefit of *American Pipe* tolling to sequentially relitigate a denial of class certification based on a Rule 23 deficiency in the class itself." *Id.* It is clear that Judge Babcock denied class certification in *Clark* based on such fundamental deficiencies. *See Clark*, 245 F.R.D. 478, 483-88 (D. Colo. 2007).

5

119 S.Ct. 165 (1998); **Griffin v. Singletary**, 17 F.3d 356, 359 (11th Cir. 1994), **cert. denied**, 115 S.Ct. 723 (1995); **Andrews v. Orr**, 851 F.2d 146, 149 (6th Cir. 1988); **Korwek v. Hunt**, 827 F.2d 874, 879 (2nd Cir. 1987); **Robbin v. Fluor Corp**., 835 F.2d 213, 214 (9th Cir. 1987); **Salazar- Calderon v. Presidio Valley Farmers Ass'n**, 765 F.2d 1334, 1351 (5th Cir. 1985), **cert. denied**, 106 S.Ct. 1245 (1986). Certification of a class consisting of the same class members as that sought to be certified in this case was denied in **Clark v. State Farm Mutual Co.**, Civil Action No. 00-cv-01841-LTB-PAC. This lawsuit, filed a mere three weeks later, cannot reap the benefit of the class action tolling rule. For these reasons, defendant's motion to dismiss the class claims pursuant to Fed.R.Civ.P. 12(b)(1) is granted.

With respect to plaintiff's individual claims, defendant maintains that plaintiff fails to state a cause of action on which relief may be granted because her damages, if any, were not caused by application of the Pedestrian Limitation to her. Plaintiff counters that her claims survive because if, in fact, the insured was not made a proper offer of enhanced PIP benefits, the policy must be reformed to include the highest level of benefits provided by statute, up to the aggregate limits of the policy, which plaintiff posits would be at least $200,000.

However, plaintiff is not entitled to the remedy of reformation unless she first proves that defendant's breach of its statutory obligations was the cause of an injury to her. Thus, even if defendant did not make a proper offer of enhanced pedestrian PIP benefits to its insured, the fact is that plaintiff received 50 percent more in benefits than would have been available under the Pedestrian Limitation. It is, therefore, clear that

the Pedestrian Limitation was not applied in the calculation of benefits paid to plaintiff under the policy. Plaintiff, therefore, cannot sustain her individual claims, all of which are necessarily premised on the application of the Pedestrian Limitation to determine the benefits due her.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Motion To Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) & 12(b)(6) and Memorandum Brief in Support Thereof** [#23], filed February 26, 2008, is **GRANTED**;

2. That plaintiff's individual claims and the class claims are **DISMISSED WITH PREJUDICE**;

3. That judgment **SHALL ENTER** on behalf of defendant, State Farm Mutual Automobile Insurance Company, and against plaintiff, Florinda Reed, on behalf of herself and all others similarly situated, as to all claims and causes of action asserted herein; and

4. That defendant is **AWARDED** its costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated June 17, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**