IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-02123-REB-KLM

FLORINDA REED, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,

    Defendant.
_____

### ORDER GRANTING LEAVE TO AMEND
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Partially Opposed Motion for Leave to Amended the Complaint** [Docket No. 65; Filed August 5, 2009] (the "Motion"). Defendant filed a Response in partial opposition to the Motion on August 28, 2009 [Docket No. 73], and  Plaintiff filed a Reply on September 4, 2009 [Docket No. 75].  The Motion has been fully briefed and is ripe for resolution.  As a preliminary matter, the Court notes that the Motion was filed within the case deadline for amendment of pleadings and is timely [Docket No. 61].  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.  The Court's ruling is explained below.

This is a breach of contract action to recover enhanced personal injury protection from Defendant pursuant to the Colorado Auto Accident Reparations Act, Colo. Rev. Stat. § 10-4-710.  Plaintiff's claims arise out of an insurance contract between Defendant and its insured following an accident between Plaintiff and the insured as a result of which

Plaintiff suffered an injury.  Pursuant to the Motion, Plaintiff seeks to file an Amended Complaint which removes any reference to the case as a class action because "the class allegations were dismissed and are no longer at issue . . . ."  *Motion* [#65] at 1.  Defendant does not oppose the portion of the Motion devoted to this purpose.  Plaintiff also seeks to amend her operative pleading by attaching to it the insurance policy quoted within the original and now proposed Amended Complaint.  *Id.* at 2.  Defendant opposes this portion of the Motion on the theory that the policy in question was not the policy in effect at the time of Plaintiff's accident.  *Response* [#73] at 5.  The controlling policy appears be an issue of dispute between the parties.  *See Reply* [#75] at 1-2; *Amended Complaint* [#65-3] at 6.

The Court should grant leave to amend a complaint "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).  Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant limits its objection to the alleged futility of allowing Plaintiff to amend her Complaint by attaching a policy which it contends is irrelevant to her claims. Specifically, Defendant contends that "Plaintiff's proposed amendment is futile because Policy Form 9806.4 cannot, as a matter of law, form the basis for any of Plaintiff's claims."  *Response* [#40] at 4.  Moreover, "the insurance contract in effect at the time of her accident and under which she received benefits was Policy Form 9806.5.  Accordingly, it would be futile to replace Policy Form 9806.5 with Policy Form 9806.4 because [the latter] was not in effect at the time of Plaintiff's accident and is, therefore, entirely irrelevant to Plaintiff's claims."  *Id.* at 5.

Plaintiff counters that "Defendant's attempt at this point to have the Court rule which policy form is controlling is confusing, but also inappropriate . . . ."  *Reply* [#50] at 2. Further, Plaintiff also argues that "[w]hether the policy form Plaintiff seeks to deem attached to the amended complaint is in fact the one that was issued to [Defendant's insured], or some other policy form, is not dispositive of Defendant's ultimate liability."  *Id.*

An amendment is futile only if it would not survive a motion to dismiss.  *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)).  "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true."  *See Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994).  Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving [her] 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in [her] complaint."  *Id.*

Considering the parties' apparent dispute about which policy controls, and resolving any ambiguity in favor of Plaintiff, I find that at this stage of the proceedings it is not clear that Plaintiff's proposed amendment would be futile or have any impact on Defendant's ultimate liability in this case.  *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").  Therefore, the Court will leave the question of whether Plaintiff is entitled to the requested relief, and which policy is the

3

controlling policy, to be decided on a fully-briefed dispositive motion, if any, or at trial.[1]

By contrast to the above argument raised by Defendant, the Court notes that Defendant does not contend that it would be prejudiced if amendment is granted. Specifically, Defendant does not contend that attachment of the policy would prejudice its ability to defend against Plaintiff's claims or would foreclose it from arguing that a different policy controls. Prejudice to the nonmoving party has been found to be the most important factor in considering whether amendment should be permitted. *See* Charles Alan Wright et al., *Federal Practice and Procedure* § 1487, at 613 (2d ed. 1990). While, "[a]s a general rule, the risk of substantial prejudice increases with the passage of time," 6 *id.* § 1488, at 670, the Motion was filed within the pleading amendment deadline and does not seek to assert additional claims against Defendant. Given Defendant's failure to address any undue prejudice it would suffer, and the Court's inability to identify any undue prejudice given the type of amendment at issue, I find that justice would be served by amendment.

IT IS FURTHER **ORDERED** that the Court accepts Plaintiff's Second Amended Complaint [Docket No. 65-3] and the attached exhibit [Docket No. 65-4] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to the First Amended Complaint on or before **September 29, 2009**.

Dated: September 15, 2009

BY THE COURT:

  s/ Kristen L. Mix
United States Magistrate Judge

---

[1] The Court expresses no opinion on the merits of any such motion.