**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-02123-REB-KLM

FLORINDA REED,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on (1) the **Defendant's Motion for Summary Judgment and Supporting Memorandum Brief** [#83][1] filed December 22, 2009; and (2) **Plaintiff's Motion for Partial Summary judgment** [#84] filed December 30, 2009. Both motions engendered responses [#86 & 87] and replies [#88 & #90]. I grant the defendant's motion, and I deny the plaintiff's motion.

## I. JURISDICTION & CONTROLLING LAW

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity). The plaintiff asserts claims under the law of the State of Colorado. Thus, Colorado law controls the resolution of the substantive issues in this diversity case. ***Erie Railroad Co. v. Tompkins***, 304 U.S. 64, 78 (1938); ***Royal Maccabees Life Insurance Co. v. Choren***,

---

[1] "[#83]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

393 F.3d 1175, 1180 (10th Cir. 2005). Federal law controls procedural issues. **See, e.g., Sims v. Great American Life Ins. Co.**, 469 F.3d 870, 877 (10th Cir. 2006).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Concrete Works**, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert.**

2

*denied*, 120 S.Ct. 334 (1999); ***Nutting v. RAM Southwest, Inc.***, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III. FACTS

On May 20, 1999, the plaintiff, Florinda Reed, was riding her bicycle in Littleton, Colorado. Reed was struck by a car driven by Tho Huynh. Huynh was insured by State Farm. Under the applicable law, a bicyclist is treated as a pedestrian for the purpose of auto insurance coverage. Classified as a pedestrian, Reed was insured under the Personal Injury Protection (PIP) coverage provided in Huynh's State Farm policy.

Before its repeal in 2003, the Colorado Auto Accident Reparations Act required that all auto insurance policies contain certain minimum levels of PIP coverage. §10-4-706, C.R.S. (2002), part of the Colorado Auto Accident Reparations Act, part 7 of article 4 of title 10, C.R.S. (Repealed by Laws 1997, H.B.97-1209, § 8, eff. July 1, 2003) (No-Fault Act). State Farm referred to the statutory minimum PIP coverages as its P1 level of coverage. The No-Fault Act also required insurers to offer every policy holder the option to purchase higher levels of PIP coverage, often called additional personal injury protection (APIP). §10-4-710, C.R.S. (2002). State Farm referred to these statutorily mandated optional APIP coverages as P4 and P8 levels of coverage. State Farm offered also additional PIP options that provided benefits at levels higher than the minimum P1 coverage but lower than the P4 and P8 coverages. When he purchased his State Farm policy, Huynh selected an intermediate level of PIP coverage referred to as P3 coverage. Reed has received all of the coverage available under Huynh's P3 PIP coverage.

In her First Amended Complaint [#78], Reed alleges that State Farm failed properly to offer APIP coverage to Huynh, as required by §10-4-710(2), C.R.S. (2002). If

3

State Farm failed to make a proper offer of APIP coverage to Huynh, then Reed is entitled to reformation of Huynh's State Farm policy to provide the enhanced APIP coverage specified in §10-4-710(2). Based on her contention that State Farm failed to make a compliant offer of APIP coverage to Hyunh, Reed asserts claims for declaratory and injunctive relief, including reformation of Huynh's State Farm policy, breach of contract, breach of the covenant of good faith and fair dealing, and bad faith breach of insurance contract. The determinative issue in this case is whether or not, before Reed's accident, State Farm made a legally compliant offer of APIP coverage to Huynh.

Before 1998, State Farm's Colorado auto insurance policies included language limiting PIP benefits payable to a pedestrian to the minimum required PIP benefits, or P1 benefits in the State Farm parlance. This so-called pedestrian limitation was applicable no matter what level of PIP coverage the policy holder selected. In ***Brennan v. Famrers Alliance Mutual Insurance Co.***, the Colorado Court of Appeals held that the No-Fault Act required Colorado auto insurers to offer APIP coverage that includes pedestrians. 961 P.2d 550, 553 (Colo.App. 1998). In November 1998, in response to ***Brennan***, State farm began to issue endorsement 6850AH to its specimen auto insurance policy. This endorsement deleted the pedestrian limitation from State Farm's Colorado auto insurance policies.

Huynh initially purchased his State Farm Policy in 1982. The policy was renewed over time and was in effect on the date of Reed's accident on May 20, 1999. The effective policy number on that date was 235-8034-B25-06G. On July 22, 1998, State Farm mailed to Huynh an Auto Renewal Notice for his policy. *State Farm motion for summary judgment* [#83], Exhibit A-2 (Chase Declaration), ¶¶ 5 - 7; Exhibit A-4. The renewal notice included a News & Notes Newsletter that outlined higher APIP coverage

4

amounts, as required by §10-4-710, C.R.S. (2002). The renewal notice quoted premiums for P4 and P8 APIP coverages. *Id.*, Exhibit A-4. This notice included the pedestrian limitation, as summarized above.

On January 21, 1999, State Farm mailed to Huynh an Auto Renewal Notice on the policy. *Id.*, Chase Declaration, ¶ 8. This renewal notice included endorsement 6850AJ. *Id.*, Exhibit A-5. Among other things, endorsement 6850AJ provides that pedestrians are covered under any level of PIP or APIP coverage selected by an insured. Endorsement 6850AJ removed the pedestrian limitation on PIP and APIP coverage. Endorsement 6850AJ also provided a detailed schedule of the PIP and APIP coverages offered by State Farm, including the APIP coverages that State Farm was required to offer under §10-4-710(2), C.R.S. (2002). *Id.*, CM/ECF pages 3 - 6. Reed does not dispute that these items were mailed to Huynh and does not dispute the content of the items mailed to Huynh.

### IV. ANALYSIS

The United States Court of Appeals for the Tenth Circuit addressed claims similar to Reed's claims and facts similar to those relevant in this case in ***Stickley v. State Farm Mutual Automobile Insurance Company***, 505 F.3d 1070 (2007). In ***Stickely***, State Farm mailed its insured a renewal notice in August, 1998. The content of the ***Stickley*** August, 1998, renewal notice was, in all material respects, identical to the renewal notice mailed to Huynh on July 22, 1998. ***Stickley***, 505 F.3d at 1074 - 1075. In November, 1998, State Farm mailed endorsement 6850AJ to the insured at issue in ***Stickley***. *Id*. at 1075. Endorsement 6850AJ was mailed to Huynh on January 21, 1999. The content of the ***Stickley*** November, 1998, endorsement 6850AJ was, in all material respects, identical to the endorsement 6850AJ mailed to Huynh on January 21, 1999.

5

*Id*.

Based on these facts, the Tenth Circuit held in *Stickley* that

State Farm satisfied its obligation under § 710(2)(a) to offer Stickley optional enhanced PIP coverages. See *Padhiar [v. State Farm Mut. Auto. Ins. Co.]*, 479 F.3d at 734-35. Stickley was quoted the cost of P4 and P8 enhanced benefits in the 1998 Renewal Notice and was referred to the News and Notes article accompanying the Renewal Notice for an explanation of those benefits. The News and Notes article provided him this explanation and told him how he could purchase these enhanced benefits. Stickley chose to continue with P3 coverage. Less than a year later, Stickley received Endorsement 6850AJ which removed any limitation on the recovery of enhanced PIP benefits by pedestrians and enclosed a schedule specifically listing all available PIP coverages.

*Stickley*, 505 F.3d at 1079. Under *Stickley*, the July 22, 1998, and January 21, 1999, renewal notices, including endorsement 6850AJ, serve to satisfy the requirements of the No-Fault Act. These items were delivered to Huynh well in advance of Reed's accident, which occurred on May 20, 1999.

Given the undisputed facts in this case and the law established in *Stickley*, it is clear that State Farm is entitled to summary judgment. Viewing the undisputed material facts in the record in the light most favorable to Reed, I conclude that no reasonable fact finder could find for Reed on her claim that she is entitled to reformation of the State Farm policy because State Farm failed to make an offer of APIP coverage as required by §10-4-710, C.R.S.[2] Reed's claims for breach of contract, breach of the covenant of good faith and fair dealing, and bad faith breach of insurance contract each are founded on her allegation that State Farm did not make a compliant offer of APIP coverage to Huynh and that Reed, therefore, is entitled to reformation of the State Farm policy to provide

---

[2] As Reed notes in her motion for partial summary judgment [#86], there is some authority for the proposition that State Farm has the burden to establish that it complied with the requirements of the No-Fault Act. Assuming, without deciding, that State Farm has the burden of establishing its compliance with the No-Fault Act, I conclude that the undisputed material facts in the record of this case establish that State Farm complied with the relevant requirements of the No-Fault Act.

APIP coverage. In light of my conclusion that State Farm provided Huynh with a compliant offer of APIP coverage, I conclude that State Farm is entitled to judgment as a matter of law on all of Reed's claims.

I have reviewed carefully Reed's motion for partial summary judgment [#84], which addresses essentially the same issues addressed in State Farm's motion. Based on the undisputed material facts described in this order and the law established in *Stickley*, I reject Reed's arguments as asserted in her motion for partial summary judgment. Therefore, I deny Reed's motion for partial summary judgment.

## V. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant's Motion for Summary Judgment and Supporting Memorandum Brief** [#83] filed December 22, 2009, is **GRANTED**;

2. That the **Plaintiff's Motion for Partial Summary judgment** [#84] filed December 30, 2009, is **DENIED**;

3. That **JUDGMENT SHALL ENTER** in favor of the defendant, State Farm Mutual Automobile Insurance Company, an Illinois corporation, and against the plaintiff, Florinda Reed;

4. That the defendant is **AWARDED** its costs, to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

5. That the trial preparation conference set for May 27, 2010, at 1:15 p.m., and the bench trial set for June 1, 2010, at 9:00 a.m., are **VACATED**;

6. That all other pending motions, including the motions docketed as [#81] and as [#89], are **DENIED** as moot; and

7. That all of the claims asserted in the plaintiff's First Amended Complaint [#78] and this case are **DISMISSED** with prejudice.

Dated May 5, 2010, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge